UNITED STATES *v.* GUERLAIN, INC.

**No. 4680.**—Invoice dated Paris, France, October 28, 1935.
Certified October 29, 1935.
Entered at New York November 7, 1935.
Entry No. 12148.

Second Division, Appellate Term

(Decided November 20, 1939)

*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the appellant.
*Benjamin A. Levett* for the appellee.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: This is an application brought by the United States for a review of a decision of a single judge (Reap. Dec. 4557) involving a question relating to the proper dutiable value of certain empty perfumery bottles imported from France at the port of New York.

Fourteen different styles or types of perfumery bottles are covered by the shipment in question. Except item 533, all of the merchandise represented by the items enumerated on the invoice covered by the instant case was entered at the invoice values plus certain additions

which were made to meet advances made by the appraiser in a case pending on reappraisement, and such items were appraised as entered. It appears from the "Memorandum of Appraiser's Advance to Invoice Value" that the entered value of item 533 was "advanced 37 per centum to make market value."

The instant case presents a retrial of the issue which was before the court in the matter of *Guerlain, Inc.* v. *United States,* reappraisements 114400–A, etc., the record in which case has been incorporated herein by consent of the parties. Said case was decided by the single judge in Reap. Dec. 4132, wherein the values claimed by plaintiff were sustained. On appeal from that decision, this division, in Reap. Dec. 4290, affirmed the judgment of the lower court.

Of the 14 different styles of perfumery bottles involved herein, all except items 533 and 606 were before the court in the prior case.

It is conceded here, as it was in the previous case, that the proper basis for appraisement of the instant merchandise is cost of production as such value is defined in section 402 (f) of the Tariff Act of 1930. And here; as there, the proper determination of such cost of production lies in the answer to the question: Is Guerlain, Inc., of Paris, the manufacturer or producer of the imported merchandise; or, are Verreries Pochet et du Courval and Compagnie des Cristalleries de Baccarat, hereinafter referred to as Pochet and Baccarat, respectively, from whom the importer purchased the perfumery bottles involved herein, the only manufacturers thereof, within the meaning of said section 402 (f)? If Guerlain, Inc., of Paris, is the manufacturer, then the appraised values, which include 20 per centum for general expenses and 15 per centum for profit of said corporation, represent the true cost of production of the instant merchandise; otherwise, judgment must issue in favor of the importer. This is in accord with the testimony of the examiner who passed the instant merchandise, where he stated:

Q. Will you state on what basis you added that 20 and 15?—A. Foreign investigation reports.

Q. To what effect?—A. That the usual profit made by the perfumers was 15 percent, the overhead expenses that I added to the invoices, and entered value was the overhead of Guerlain in Paris.

Q. That was on the assumption that Guerlain in Paris was the manufacturer of these bottles?—A. That is correct.

Q. Assuming Guerlain is not the manufacturer, were you satisfied with the entered value?

Mr. SPECTOR: If Your Honor please ——

Judge SULLIVAN: Let him complete the question.

Mr. LEVETT (continuing): As representing the cost of production?

\*      \*      \*      \*      \*      \*      \*

The WITNESS. Yes, because I think in some of our reports we have the various people that supplied the bottles to Guerlain in Paris. We have their cost of production shown.

In the previous case, it was found that the perfumery bottles involved therein were manufactured either by the said Pochet or Baccarat; that they were purchased directly from said manufacturers by the importer; and that Guerlain, Inc., of Paris had no connection whatever with the manufacture of said merchandise.

In reaching its conclusion in said case, the court distinguished its decision therein from the findings in the case of *Lionel Trading Co.* v. *United States*, 24 C. C. P. A. 432, T. D. 48900. In the *Lionel* case, *supra*, the merchandise consisted of certain empty boxes and empty glass bottles which were manufactured and shipped by Corday of Paris to its sole agent in the United States, the Lionel Trading Co. There it was found that Corday of Paris contracted with the manufacturers to make the boxes and bottles for it from molds and designs produced by the said Corday. In the case which the court had under consideration (reappraisements 114400–A, etc.) the record disclosed that the situation was entirely different. Orders for the manufacture of perfumery bottles were sent by the importer to Guerlain, Inc., of Paris, who selected the particular manufacturer to fill the order. Payment for the merchandise was made by the importer who mailed checks payable to the order of the manufacturer to Guerlain, Inc., of Paris, for distribution by said corporation to the payee. Unlike Corday in the *Lionel* case, *supra*, Guerlain, Inc., of Paris furnished no molds or designs for the bottles which were produced, and entered into no contract with the actual manufacturers. In other words, Guerlain, Inc., of Paris had nothing to do with the manufacture of the perfumery bottles in question, and the aforesaid Pochet and Baccarat were not subcontractors as were the manufacturers in the *Lionel* case, *supra*, but were the only contractors and producers of the bottles.

In his brief, counsel for appellant states that the Government has retried this issue "for the purpose of establishing the ownership of the designs and the molds, so as to eliminate the differentiation between the facts in the *Lionel* case, *supra*, and the case at bar."

The additional evidence offered by both parties at the hearings of the instant case is, in our judgment, largely cumulative, and, in many respects, a reiteration of the proof submitted in the previous case. The court below very ably and very exhaustively reviewed the entire evidence, and we believe any further analysis here would unduly lengthen this opinion. Suffice it to say that we concur in the findings of the court below, and quote with approval what the trial judge stated, to wit: "the present record does not contain any new relevant facts, and in many respects is corroborative of the facts contained in the prior case."

We have given careful consideration to each assignment of error alleged by the attorney for the appellant, and we conclude that no

ruling of the court below either upon admission of evidence or its refusal to do so would justify this division in reversing the judgment of the lower court.

We therefore find the following facts:

(1) That the merchandise covered by this appeal to reappraisement consists of certain empty perfumery bottles imported from France.

(2) That there is no foreign, export, or United States value, as such values are defined in section 402 of the Tariff Act of 1930, for said merchandise.

(3) That the proper basis of appraisement for duty purposes for said merchandise is cost of production, within the meaning of such value as set forth in section 402 (f) of said tariff act.

(4) That the entered values, less any additions made by the importer on entry to meet advances made by the appraiser, represent the true cost of production of said merchandise, and are the correct dutiable values thereof.

We hold, as matter of law, that the correct dutiable values of the instant merchandise are the entered values, less any additions made by the importer on entry to meet advances made by the appraiser, and that such values represent the cost of production of said merchandise, pursuant to finding of fact No. 3 herein.

The judgment of the lower court is therefore affirmed. Judgment will be rendered accordingly.